BILLY J. WILLIAMS, OSB #901366
United States Attorney
District of Oregon
**PAUL T. MALONEY, OSB #013366**
Assistant United States Attorney
Paul.Maloney@usdoj.gov
1000 S.W. Third Ave., Suite 600
Portland, OR 97204-2902
Telephone: (503) 727-1000
Facsimile: (503) 727-1117
Attorneys for United States of America

# UNITED STATES DISTRICT COURT

# DISTRICT OF OREGON

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **3:18-CR-00069-JO** |
| v. | |
| **REUBEN JAMES MANDISH,** | **GOVERNMENT'S SENTENCING MEMORANDUM** |
| **Defendant.** | *Sentencing: August 9, 2019 at 10:30 a.m.* |

The United States of America, plaintiff herein, submits the following sentencing memorandum for the Court's consideration. Defendant pled guilty to Count One of the indictment, receiving or attempting to receive child pornography in violation of Title 18, United States Code, Section 2252A(a)(2). For the reasons that follow, the government recommends the Court impose a sentence of 121 months' imprisonment, to be followed by a five-year term of supervised release. The government requests restitution in this matter be set-over for 90 days.

I.      **FACTUAL AND PROCEDURAL BACKGROUND**

The Probation Office prepared a Presentence Report (PSR) at the parties' request. A revised PSR was prepared that resolved most of defendant's objections and corrections. The parties have no objection to the advisory guideline calculation s in the PSR. Defendant's remaining objection relates to a condition of supervised release prohibiting defendant from viewing or possessing material relating to sexually explicit conduct, including non-contraband porn. The government agrees with all the supervised release conditions recommended by the PSR writer, including the condition prohibiting viewing or possessing sexually explicit material.

A.      ***Defendant Received and Distributed Child Pornography Over the DarkWeb***

The PSR accurately summarizes the defendant's conduct in this case (PSR ¶ 15-51). In early 2015, investigators discovered defendant was part of an online community that anonymously sent and received child pornography over the internet. Investigators were able to thwart the features of the site that allowed the users to block their internet protocol addresses (IP addresses). These features allowed the site's users to engage in criminal activity seemingly without fear of law enforcement detection. The investigation discovered defendant's account downloading and attempting to download numerous data files containing images of children engaged in sexually explicit conduct.

In October, 2015, investigators executed a search warrant on defendant's home and seized his devices. Six devices contained child pornography. Other devices contained file wiping software and remnants of software applications defendant used to share sexually explicit images of children.

The numerous pictures and videos defendant downloaded are disturbing. The detailed descriptions in the PSR (¶ 24, 26, 44, 46, and 47) include images of prepubescent children being subjected to sexual abuse, bestiality, bondage, sadistic/masochistic conduct, rape, and sodomy.

Defendant consented to be interviewed by the investigators. He cooperated with the investigators, identified which devices he thought were important to their investigation, and made admissions to using the internet to send and receive child pornography. He stated he masturbated these images. He stated that most of the images he downloaded depicted children over 12 years old, but admitted he had seen images of infants (PSR ¶ 34).

### B. Indictment

A federal grand jury returned an indictment charging defendant with six counts of receiving or attempting to receive child pornography in violation of 18 U.S.C. §§ 2252A(a)(2) and (b)(1), possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B) and (b)(2), and a forfeiture allegation.

### C. The Plea Agreement

Defendant pled guilty to Count 1 of the indictment pursuant to a plea agreement (ECF #27 and #28). In summary, the parties have agreed to the advisory sentencing guideline calculation. The defendant is free to argue for any sentence no less than 60 months, and the government will recommend a low-end guideline sentence. The Court has full discretion to impose any sentence that does not exceed the statutory maximums. The maximum sentence for this offense is of 20 years' imprisonment, a fine of up to $250,000, lifetime supervised release, and a $100 fee assessment.

## II. SENTENCING ANALYSIS

### A. *Guideline Analysis – USSG § 2G2.2(a)(2)*

Although not bound by the Sentencing Guidelines, district courts must consult the Guidelines and take them into account when sentencing. *United States v. Booker,* 543 U.S. 220, 125 S. Ct. 738, 767 (2005). The sentencing guidelines are advisory and one of the statutory factors this Court must consider when imposing a sentence. *See* 18 U.S.C. § 3553(a)(4); *United States v. Rita*, 551 U.S. 338, 347-48 (2007). They serve as "the starting point and the initial benchmark" in every sentencing proceeding, *Gall v. United States*, 552 U.S. 38, 49 (2007), and "reflect a rough approximation of sentences that might achieve § 3553(a)'s objectives." *Rita*, 551 U.S. at 350. The guidelines serve as a lodestar at sentencing, and "cabin" or "anchor" a sentencing court's discretion. *Peugh v. United States*, 569 U.S. 530, 543, 549 (2013). While advisory, the Supreme Court has observed that, "[c]ommon sense indicates that in general, this system will steer district courts to more within-guidelines sentences." *Id*. at 543.

Here, the government agrees with the U.S. Probation Office's calculation of defendant's advisory guideline range (PSR ¶ 14-23). The parties agree that the following advisory guidelines apply:

| Code Section | Title | Guideline |
|---|---|---|
| USSG § 2G2.2(a)(2) | Base offense level | BOL = 22 |
| USSG § 2G2.2(b)(2) | Material involving a prepubescent minor | +2 |
| USSG § 2G2(b)(3)(F) | Distribution, Unspecified | +2 |
| USSG § 2G2.2(b)(4) | Material portraying sadistic/masochistic conduct | +4 |
| USSG § 2G2.2(b)(6) | Use of a computer | +2 |
| USSG § 2G2.2(b)(7)(D) | More than 600 images | +5 |
| | **Adjusted Offense Level** | **37** |
| USSG § 3E1.1 | Acceptance of Responsibility | -3 |
| 18 U.S.C. § 3553(a) | All Variance Factors | -2 |
| | **TOTAL OFFENSE LEVEL** | **32** |

The PSR accurately calculates defendant's criminal history category as I (zero points). Defendant's advisory guideline range is 121-151 months' imprisonment.

### B. *Statutory Analysis – 18 U.S.C. § 3553(a)*

In *United States v. Carty*, 520 F.3d 984 (9th Cir. 2008), the Ninth Circuit, sitting *en banc*, summarized the procedures a sentencing court must follow. The court must first correctly determine the applicable guideline range. *Id*. at 991. The court must also allow the parties to "argue for a sentence they believe is appropriate," and must "consider the § 3553(a) factors to decide if they support the sentence suggested by the parties." *Id*. The court may not presume the guidelines are reasonable, and should not give them any more or any less weight than any other factor. *Id*. The court "must make an individualized determination based on the facts," and must explain its choice of sentence "sufficiently to permit meaningful appellate review." *Id*. at 991-92.

Taking into account the advisory guideline range and all of the sentencing factors under 18 U.S.C. § 3553(a), including the nature and circumstance of the offense, the history and characteristics of defendant, the need for the sentence to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment, and to afford adequate deterrence, the United States and the defendant respectfully recommend 2-level downward variance from the guidelines. The parties agree this reduction takes into account all the 3553(a) sentencing factors.

The nature and circumstances of the offense are truly shocking. The images defendant sought out were disturbing depictions of vulnerable children being horribly abused. Defendant used a sophisticated website to anonymize his criminal activity to avoid law enforcement detection. He also cooperated with investigators, and although his statements underreported the extent of his collection, and his distribution activities, he readily confessed to his involvement with the site.

The government does not dispute that defendant sought out treatment after his devices were seized, however, that is not the end of the story. Defendant failed to complete his pre-arrest sex offender treatment plan (PSR ¶ 12), and relapsed into downloading child pornography (PSR

¶ 48-51). From his evaluation with Dr. Kreig, defendant demonstrates some insights with respect to the adverse impacts his conduct has on the victims depicted in his collection. Nevertheless, defendant returned to downloading child pornography after the police raided his home, seized his computers, and he attempted to engage in treatment. His treatment and insights did not have a lasting effect in terms of deterring his criminal conduct.

In a final analysis, the 3553(a) factors are a mixed bag. The mandatory minimum sentence in this case is 60 months. This minimum sentence would require an eight-level downward variance from defendant's advisory guideline range (before any variance is applied). A two-level 3553(a) reduction adequately takes into account the facts of defendant's crime, and defendant's history and characteristics. The recommended variance results in a sentence that is sufficient but not more than necessary to achieve the goals of sentencing.

### C. *Duration and Terms of Supervised Release*

The government concurs with the recommended five-year term of supervised release. Drug, alcohol, and mental health conditions are appropriate given Dr. Kreig's assessment. The government also concurs with the mandatory, standard, and special conditions recommended in the PSR.

## III. VICTIM IMPACT AND RESTITUTION

There are multiple victim impact statements in this case (Government Exhibit #1). The PSR contains summaries of these statements. Restitution is mandatory in child pornography cases for "the full amount of the victim's losses as determined by the court," and shall be imposed "in addition to any other civil or criminal penalty authorized by law." 18 U.S.C. § 2259(a), (b)(1) and (b)(4).

Through counsel, the defendant has been able to successfully negotiate restitution for victims "Pia," "Ava," and "Mya" in the amount of $1,000 apiece (PSR ¶ 137). The payment information for these victims is reflected in the PSR. The government requests that the final restitution amount remain open for 90 days to resolve final restitution amounts for all remaining victims.

IV.     **SENTENCING RECOMMENDATION**

The government recommends low-end sentence of 121 months, to be followed by a 5-year term of supervised release with all the terms and conditions specified in the PSR. This sentence reflects the seriousness of defendant's crime, provides just punishment, and respect for the law, will serve as a deterrent to defendant and others who escape from a felony sentence, but is sufficient, yet not greater than necessary to comply with the factors set forth in 18 U.S.C. § 3553(a).

Dated: July 18, 2019.

Respectfully submitted,

BILLY J. WILLIAMS  
United States Attorney

*/s/ Paul T. Maloney*  
PAUL T. MALONEY, OSB #013366  
Assistant United States Attorney