SCOTT E. BRADFORD, OSB #062824
United States Attorney
District of Oregon
**PAUL T. MALONEY, OSB #013366**
Assistant United States Attorney
Paul.Maloney@usdoj.gov
1000 SW Third Avenue, Suite 600
Portland, OR 97204-2902
Telephone: (503) 727-1000
Attorneys for United States of America

**UNITED STATES DISTRICT COURT**

**DISTRICT OF OREGON**

**PORTLAND DIVISION**

**UNITED STATES OF AMERICA**

**v.**

**REUBEN JAMES MANDISH,**

**Defendant.**

**3:18-cr-00069-AN**

**GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE**

Defendant Reuben James Mandish, convicted of receiving thousands of images of child pornography through the dark web, seeks early termination of his five-year term of supervised release. The seriousness of the underlying conduct and the minimal requirements of his supervision weigh against early termination. Accordingly, the government joins the recommendation of the U.S. Probation Office that his motion be denied.[1]

[1] Defendant's Motion for Early Termination notes that the United States Probation Office, through Omar Lara, oppose Defendant's request. Def. Mot., ECF 96 at 2.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On February 8, 2015, defendant registered as a user with the username “rjm” on a website dedicated to the advertisement and distribution of child sexual abuse material that operated on an anonymous online network located on the dark web. PSR ¶ 15-18. On February 20, 2015, law enforcement investigators seized the computer server in North Carolina that was hosting the website. PSR ¶ 21. Investigators determined from data logs that user “rjm” had downloaded or attempted to download hundreds of images of child pornography from the website between February 23, 2025, and March 4, 2015. PSR ¶ 25. Investigators were able to access the IP address of the user, identifying defendant as the registered subscriber.

In October 2015, investigators executed a federal search warrant on defendant’s home. PSR ¶ 29. They seized six devices containing child sexual abuse material. Forensic analysis of the seized items located thousands of images depicting child pornography.

On October 18, 2018, defendant pleaded guilty to Count One of the Indictment, charging Receipt of Child Pornography in violation of Title 18, United States Code, Sections 2252A(a)(2) and (b)(1). On August 9, 2019, defendant was sentenced to eight years’ imprisonment, followed by five years’ supervised release.

Defendant filed a Motion for Early Termination of Supervised Released on September 21, 2026. ECF 96. At the time of his filing, defendant has been on supervision for approximately two years and eight months of his five-year term.

## II. DISCUSSION

### *A. The Appropriate Legal Standards.*

Under 18 U.S.C. § 3583(e)(1), the Court may, after considering a subset sentencing factors in § 3553(a), terminate supervised release and discharge a defendant “at any time after the

expiration of one year of supervised release" if the Court is satisfied that such action is warranted "by the conduct of the defendant" and "the interest of justice." *See also United States v. Emmett*, 749 F.3d 817, 819 (9th Cir. 2014). The factors the Court must consider are the nature and circumstances of the offense and defendant's history and characteristics; the need for adequate deterrence; the need to protect the public from further crimes of the defendant; the need to provide defendant with needed educational or vocational training, medical care, or correctional treatment in the most effective manner; the kinds of sentences and sentencing ranges provided in the guidelines; applicable guidelines policy statements; the need to avoid unwarranted sentence disparities among similarly situated defendants; and the need to provide restitution to any victims of the offense. 18 U.S.C. §§ 3583(e), 3553(a)(1), (a)(2)(B) -(D), (a)(4)-(7).[2]

The Court has discretion to consider "a wide range of circumstances when determining whether to grant early termination." *Emmett*, 749 F.3d at 819; *see also United States v. Gross*, 307 F.3d 1043, 1044 (9th Cir. 2002) (the modification mechanism in § 3553(a) allows a sentencing court to respond to "changes in the defendant's circumstances that may render a previously imposed condition of release either too harsh or inappropriately tailored to service the general punishment goals of § 3553(a)"). The Ninth Circuit has not specified what sort of changed circumstances will justify early termination, although showings of exceptional behavior or extraordinary circumstances are not required. *United States v. Ponce*, 22 F.4th 1045, 1046-48 (9th Cir. 2022). Defendant bears

[2] Restitution is not applicable here.

the burden of demonstrating that early termination is justified. *United States v. Weber*, 451 F.3d 552, 559 n.9 (9th Cir. 2006).

The Court must provide an explanation for either denying or granting defendant's request. *Emmett*, 749 F.3d at 820. What constitutes a sufficient explanation "will necessarily vary depending on the complexity of the particular case," but the explanation must be "sufficiently detailed to permit meaningful appellate review, and it must state the court's reasons for rejecting nonfrivolous arguments." *Id.* at 821 (internal quotation marks and citations omitted).

***B. Application to This Case.***

The burden is on the defendant to show that the interests of justice will be served by an early termination of supervision. Defendant points to a "nearly spotless record" and argues that he has rehabilitated himself, no longer needs supervision and would like the unfettered access to his support system. Def. Mot., ECF 96, pp. 2-4.

Complying with the conditions of supervision is required of everyone on supervised release and is not, in and of itself, a basis for early termination. *See United States v. Bauer*, 2012 WL 1259251 at *2 (N.D. Cal. April 13, 2012) (denying the defendant's motion for early termination of supervised release based on his compliance with the conditions of supervision and his successful reentry into society; the defendant's "laudable post-incarceration accomplishments" were "expected milestones rather than a change of circumstances rendering continued supervision no longer appropriate"); *United States v. Flint*, 2014 WL 3966299 at *1-2 (E.D. Cal. Aug. 13, 2014) (denying the defendant's motion for early termination of supervised release despite his civic and religious activities, his compliance with supervision requirements, and his efforts to make required restitution payments; compliance with release conditions are not the sort of changed circumstances rendering continued supervision inappropriate); *United States*

*v. Sahakari*, 2014 WL 3845166 at *2 (N.D. Cal. Aug. 4, 2014) ("[The defendant's] record of compliance with the terms of his supervised release, though commendable, is expected from a person on supervision").

Considering the facts of the original offense, defendant has not put forth any specific changes in his circumstances "that may render a previously imposed condition of release either too harsh or inappropriately tailored. *Gross*, 307 F.3d at 1044. Indeed, defendant's obligations under supervision include reporting to his probation officer, restrictions on his use of electronics and maintaining his sex-offender registration. The facts of the original offense show that continued supervision is appropriate. Defendant had amassed a collection of thousands of images of child sex abuse, including images depicting prepubescent minors and sadistic or masochistic abuse.

Defendant proposes this two years and 8 months of successful supervision indicates that he has fully rehabilitated himself and that there is no need for further supervision. But without supervision, there would be no check on defendant's use of technology. While defendant may prefer supervision end because he would like the freedom to live his life without supervision, the interests of justice require that defendant's personal convenience be weighed against the risks to the community. However, his current compliance demonstrates the twin purposes of supervision: namely defendant's rehabilitation and the safety of the community, are being served. To terminate supervision now, while it is working, is tantamount to throwing away the umbrella in a rainstorm because one is no longer getting wet.

**III. CONCLUSION**

The term of supervised release imposed by the Court was neither too harsh nor inappropriately tailored to serve the goals of § 3553(a). The government joins the

recommendation of the U.S. Probation Office and respectfully requests that this Court deny defendant's motion.

Dated: October 7, 2026

Respectfully submitted,

SCOTT E. BRADFORD
United States Attorney

*/s/ Paul T. Maloney*
PAUL T. MALONEY, OSB #013366
Assistant United States Attorney